IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PIPING ROCK PARTNERS, INC., and
CHRISTOPHER K. GERMAIN,

    Plaintiffs,

v.

DAVID LERNER ASSOCIATES, INC.,
DAVID LERNER, and GEORGE DOBBS

    Defendants.

    /

No. C 12-04634 SI

**ORDER GRANTING DEFENDANTS'
MOTION TO STAY; GRANTING
PLAINTIFFS' LIMITED DISCOVERY
REQUEST**

Defendants have filed a motion to stay all proceedings in this case pending resolution of their appeal by the Ninth Circuit. Plaintiffs have filed an opposition to which defendants have replied. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing currently scheduled for July 12, 2013. Having considered the parties' papers, and for good cause shown, the Court GRANTS defendants' motion to stay for the reasons discussed below.

**BACKGROUND**

On May 17, 2013, the Court denied defendants' special motion to strike plaintiffs' defamation claim pursuant to California Civil Code § 425.16 ("anti-SLAPP statute").[1] On May 31, 2013,

---

[1] Initially, defendants DLA and Lerner and defendant Dobbs filed separate motions to strike. *See* Dkts. 59, 61. Later, the parties stipulated that "if liability were to be found against George Dobbs, such liability would thereby attach to the DLA Defendants." Dkt. 73 at 2. Accordingly, the Court

1  defendants filed a notice with the U.S. Court of Appeals for the Ninth Circuit appealing the May 17,
2  2013 order denying their special motion to strike.[2] Defendants now move to stay the case asserting that
3  such a stay is "automatic" as a matter of law.

## DISCUSSION

Denial of an anti-SLAPP motion to strike constitutes a collateral order that is immediately appealable. *Hilton v. Hallmark Cards*, 599 F.3d 894, 900 (9th Cir. 2010). Notice of an appeal of such an order divests the lower court of "control over those aspects of the case involved in the appeal," unless the lower court finds the appeal frivolous. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). *See also Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (finding "where a proper appeal from a denial of qualified immunity automatically divests the district court of jurisdiction . . . a frivolous or forfeited appeal does not automatically divest the district court of jurisdiction."). However, the standard for a frivolous appeal "is quite high," and frivolity should be found in cases where the appeal is either "wholly without merit" or the outcome is "obvious." *Moser v. Encore Capital Group, Inc.*, No. 04CV2085, 2007 U.S. Dist. LEXIS 22970, *7-8 (S.D. Cal. Mar. 29, 2007), citing *United States v. Kitsap Physicians Service*, 314 F.3d 995, 1003, n.3 (9th Cir. 2002).

Here, plaintiffs contend that defendants' appeal is frivolous because the defamatory internet posts at issue here are fact, not opinion, and because defendants have not met their burden on their asserted unclean hands defense. Plaintiffs' mere disagreement with the merits of defendants' motion, however, does not constitute frivolousness. Accordingly, the Court GRANTS defendants' motion to stay all proceedings pending their appeal.[3]

---

treated the defendants' separate motions as one motion for the purposes of the May 17, 2013 Order.

[2] Defendants' notice of appeal references an order "denying their Special Motion to Strike or, in the Alternative, for Judgment on the Pleadings." Dkt. 82. In the May 17, 2013 Order the Court granted defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on plaintiffs' intentional interference with contractual relations and intentional interference with prospective economic advantage claims. Thus, the only claim remaining in this case is plaintiffs' defamation claim.

[3] Plaintiffs also request the Court order defendants to post a bond for damages and costs associated with the appeal. If the Court found defendants' appeal "frivolous, it [could] . . . award just damages and single or double costs to the appellee." Fed. R. of Appellate P. 38. Having declined to

In their opposition to defendants' motion to stay, plaintiffs request that the Court permit limited discovery if the case is stayed. In particular, plaintiffs request the deposition of (1) DLA's person most knowledgeable and (2) of defendant George Dobbs. Both depositions would take place without requests for documents and without prejudice to ask follow-up questions at a later date. Plaintiffs argue limited discovery is proper because there is a risk that defendant Dobbs' memory will fade, particularly given that his former employer, defendant DLA, has allegedly destroyed Dobbs' computer hard-drive.

Pursuant to Federal Rule of Civil Procedure 27(b)(1), this Court "may, if an appeal has been taken or may still be taken, permit a party to depose a witness to perpetuate their testimony for use in the event of further proceedings in that court." The taking of such deposition is proper if the Court finds that "perpetrating the testimony may prevent a failure or delay of justice." Fed. R. of Civ. P. 27(b)(3). In light of the issues in this case, the Court finds that these limited depositions appropriate. The parties shall timely confer and schedule these two depositions, which will be taken without request for documents and without prejudice to ask questions at a later date.

## CONCLUSION

For the reasons set forth above, the Court GRANTS defendants' motion to stay the case pending the resolution of defendants' appeal, with limited discovery permitted while the case is stayed, as described above.[4]

**IT IS SO ORDERED.**

Dated: July 9, 2013

SUSAN ILLSTON
United States District Judge

---

find the appeal frivolous, the Court also denies plaintiffs' bond request.

[4] The Court's May 17, 2013 Order also granted plaintiffs' motion to strike the counterclaim by defendants DLA and Lerner pursuant to California's anti-SLAPP statute. Upon prevailing on that motion, plaintiffs filed a motion for attorneys' fees. Dkt. 90. The stay imposed by this order shall extend to that motion. Accordingly, the hearing on plaintiffs' attorneys' fees motion scheduled for August 16, 2013 in hereby VACATED. Plaintiffs' may re-notice their attorneys' fees motion upon resolution of defendants' appeal to the Ninth Circuit.

3